UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER PICKETT,

    *Plaintiff,*

CASE NO. 1:22-cv-13071

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

MIDLAND FUNDING, LLC,
and MARY JANE ELLIOTT,

    *Defendants.*
_____/

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the following reasons, I **RECOMMEND** that the Court **DISMISS** the Complaint in its entirety *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) (2018).

**II.   REPORT**

   **A.   BACKGROUND**

Plaintiff Christopher Pickett filed suit in this Court on December 19, 2022, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; and the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws §

1

445.901 *et seq.* He also alleges "negligent and or intentional infliction of emotion distress" by Defendants.

Plaintiff alleges that on or around November 15, 2022, he received a notice of wage garnishment. (ECF No. 1, PageID.1). He states that the garnishment is based on a 2017 state court default judgment against him and that the default judgment and subsequent garnishment activity pertains to "an alleged debt for credit cards or a personal loan." (*Id.*) (citing *Midland Funding, LLC v. Christopher Pickett,* Case No. 17-6824). He alleges that "Midland Funding and by way of Attorney Daniel J. Manion filed to collect the alleged debt for a default entered around 2017 which [Plaintiff] never received." (*Id.*) He alleges that Manion "did not serve the summons [and] compliant (sic) and that Plaintiff "has minimal information for the alleged debt." (*Id.*) He alleges that he "does not recall receiving any goods [or] services" from Defendant Midland Funding, LLC ("Midland Funding"). (*Id.* at PageID.1-2). He requests a total of $155,000 for actual, punitive, noneconomic, and exemplary damages. (*Id.* at PageID.3).

**B.    LEGAL STANDARD**

Because Plaintiff Pickett proceeds *in forma pauperis*, he subjects he claims to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, courts may *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to

2

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court may "dismiss the case at any time if the court determines" that it "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se*

3

complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### C. ANALYSIS

#### 1. The Failure to Serve / Defendant Elliot

Plaintiff alleges that the recent attempt to garnish his wages is improper because he was never served with the complaint against him in the 2017 state court case. Plaintiff's allegation that "attorney Daniel J. Manion" failed to serve the summons and complaint in that case is defeated by the simple fact that Manion is not listed as a defendant. Plaintiff does not allege either named Defendant was responsible for the failure to serve. Further, the Complaint does not mention Defendant Elliot, much less make any make any allegations against her. Accordingly, claims against her should be dismissed.

#### 2. The State Court Judgment

The Court lacks jurisdiction to consider Plaintiff's implied challenge the state court default judgment itself. The *Rooker–Feldman* doctrine divests federal district courts of subject matter jurisdiction to review state court judgments. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303 (1983). *Rooker–Feldman* reflects the principle set forth in 28 U.S.C. § 1257 that the United States Supreme Court is the sole federal court with jurisdiction to review state court decisions. The doctrine

precludes district courts from hearing challenges to state court decisions "even if those challenges allege that the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486. "The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's claim that "he was never properly served" in the 2017 case and that as a result, the default judgment was thus improperly entered "fall[s] squarely within the *Rooker-Feldman* doctrine and [is] therefore barred." *Holden v. Kertesz*, No. 19-13235, 2021 WL 1175284, at *4 (E.D. Mich. Mar. 29, 2021) (Cleland, J.) ("If Holden wanted to challenge the state-court default judgment, he should have filed the proper motions in the state court and pursued any appeal through the proper channels. This court cannot disturb the state court's default judgment based on any allegation of impropriety, and any such claim brought in this action is therefore barred."). Because the *Rooker-Feldman* doctrine bars Plaintiff's attack on the state court judgment, dismissal is appropriate for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Foster v. Paralexis*, No. 2:18-11290, 2020 WL 4722426, at *8 (E.D. Mich. Mar. 23, 2020), *report and recommendation adopted sub*

5

*nom. Foster v. Michigan*, No. 18-CV-11290, 2020 WL 4700895 (E.D. Mich. Aug. 13, 2020).

### 3. The Proposed Garnishment

In contrast to attacks on state court judgments, claims regarding the post-judgment garnishments are not barred *per se* by the *Rooker Feldman* doctrine. Challenges to a garnishment action can be considered where they "[do] not attempt to disturb the state court judgment, but rather seek damages based on tangential actions unrelated to the merits of the claims." *Id.* (citing *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)). Claims for damages based on improprieties in the service and execution of the writs of garnishment claims "are not barred by the *Rooker-Feldman* doctrine, and the court does not lack jurisdiction over them." *Id.*; *see also Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 893 (6th Cir. 2020) ("Van Hoven's injuries also did not arise from the writs of garnishment by themselves. They arose from costs included in them, which (she says) violated the Fair Debt Collection Practices Act. Her lawsuit targets Buckles & Buckles' actions in tallying the amount of relief requested, not the writs of garnishment themselves.").

But in contrast to *VanderKodde* and *Van Hoven*, where the amount to be garnished was miscalculated by the defendants, Plaintiff does not claim improprieties related to the garnishments aside from the fact that they stem from

6

what he believes is an invalid state court judgment. His failure to identify improprieties in the proposed garnishments, aside from his challenge to the underlying state court judgment itself, bars his claim.

And assuming that the Court enjoys jurisdiction over the proposed garnishment of his wages, Plaintiff has failed to state a claim upon which relief can be granted. Under the FDCPA, "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6). The Court recognizes that Defendant Midland Funding is a debt collector.[1]

Plaintiff alleges that another non-defendant, Manion, "did not serve the summons [and complaint]" in the underlying state court case but fails to allege improprieties in the garnishment action by either named Defendant cognizable under the FDCPA, FCRA, or state law. To the contrary, Plaintiff concedes that he received a "judgment for garnishment" i.e. writ or notice in mid-November for a pending

---

[1] Defendant Midland Funding has been identified as a debt collector as defined by the FDCPA by the Sixth Circuit and in this District. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397 (6th Cir. 2020); *Nettles v. Midland Funding LLC*, 530 F. Supp. 3d 706 (E.D. Mich. 2021); *Burns v. Midland Funding, LLC*, No. 18-13637, 2019 WL 3003598, at *1 (E.D. Mich. July 10, 2019).

garnishment of his wages. (ECF No. 1, PageID.1). While he claims that the underlying state court judgment was tainted by his lack of service by a non-defendant, he does not allege any improprieties in the garnishment process itself.[2]

As to the FCRA claims, Plaintiff alleges that "Midland Funding also has been shown to be on [his] credit report which he disputed with Midland Funding and Transunion, Experian, and Equifax." (ECF No. 1, PageID.2). He alleges that Midland Funding "is in violation of the Fair Credit Reporting Act for invasion of privacy, defamation of character by placing itself on [his] credit report without his consent and that he "has never [done] business with Midland Funding. (*Id.*) He alleges that he disputed Midland Funding "with them and the credit bureaus around December 2022 [and is] still awaiting a response" at the time he filed the Complaint. (*Id.*)

"FCRA expressly creates a private right of action to enforce many of its terms. Consumers may bring suit to recover actual damages, and potentially attorney's fees

---

[2] The Court is mindful that under the FDCPA, a debt collector must cease collection on a debt where "the consumer notifies the debt collector in writing" within 30 days after the receipt of a notice of debt" and may resume collection only after validating the debt and sending a verification of the debt to the consumer. 15 U.S.C. § 1692g(b). Plaintiff alleges that he informed Midland Funding that he did not owe the disputed debt. (ECF No. 1, PageID.2). However, he does not allege that Midland Funding took any action to enforce the writ of garnishment, that it failed to cease collection of the debt pending its validation of the debt, or that Midland Funding otherwise violated the FDCPA in seeking a writ of garnishment of his wages.

and costs, from '[a]ny person who is negligent in failing to comply with any requirement imposed ... with respect to any consumer" under the Act.'" *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012); 15 U.S.C. § 1681o. "In addition, when a person 'willfully fails to comply with any requirement imposed ... with respect to any consumer,' that consumer may seek actual *or* statutory damages, as well as punitive damages and attorney's fees and costs." *Boggio*, 696 F.3d at 615; 15 U.S.C. § 1681n.

Plaintiff alleges, in effect, that Midland Funding is a "furnisher" of credit information to the credit reporting agencies ("CRAs"). "There is a private cause of action under Section 1681s-2(b), which imposes duties on furnishers who receive notice of a dispute as to the completeness or accuracy of any information provided to a credit reporting agency." *Hart v. Simon's Agency, Inc.*, No. 519CV00342NAMML, 2021 WL 1198313, at *3 (N.D.N.Y. Mar. 30, 2021) (internal citations omitted). "The furnisher must conduct an investigation with respect to the disputed information, report the results of the investigation to the consumer reporting agency, and if the disputed information "is found to be inaccurate or incomplete modify that item of information." *Id.*; 15 U.S.C. § 1681s-2(b)). "The FCRA imposes a 30-day deadline for a furnisher to complete its investigation" after being informed by a CRA of disputed credit report entry. *Id.*; 15 U.S.C. 1681s-2(b)(2).

9

Plaintiff fails to state a claim under the FCRA against Midland Funding. First, his allegation that he disputed the credit report entry "around December 2022" indicates that he reported the allegedly erroneous entry on December 1 at the earliest. However, he filed suit on December 19, 2022 – well before the 30-deadline expired for Midland Funding to complete its investigation under 15 U.S.C. 1681s-2(b)(2). (ECF No. 1, PageID.2).

Second, to the extent that the Complaint can be read to fault Midland Funding for its original, allegedly erroneous report of indebtedness to the CRAs, a private cause of action does not exist. "[T]here is no private cause of action for consumers against furnishers of information for . . . providing inaccurate information to the credit reporting agencies in the first instance." *Rajapakse v. Credit Acceptance Corp*, No. 17-12970, 2019 WL 422236, at *6 (E.D. Mich. Jan. 30, 2019), *report and recommendation adopted sub nom. Rajapakse v. Credit Acceptance Corp.*, No. 17-CV-12970, 2019 WL 948767 (E.D. Mich. Feb. 27, 2019). "Rather, the statute limits enforcement of the duty to provide accurate information to specific federal agencies and officials. *Id.* (citing *LaBreck v. Mid-Mich. Credit Bureau*, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016)); 15 U.S.C. § 1681s-2(d).

### 3. The State Law Claims

As to MCPA, Plaintiff's claims are limited to the following: "Midland Funding through its attorney has engaged in deceptive practicing acts under the

FDCPA and Michigan Consumer Protection Act" in attempting to collect on the 2017 judgment. (ECF No. 1, PageID.1-2). Because Plaintiff "does not allege that Defendants violated any specific provision of the MCPA" but rather, relies on the same factual allegations as the FDCPA claim, those claims should be dismissed. *Newman v. Trott & Trott, P.C.*, 889 F. Supp. 2d 948, 967 (E.D. Mich. 2012). "MCPA claims which 'simply duplicate . . . claims under the FDCPA' need not be addressed separately. *Id.* (quoting *Lovelace v. Stephens & Michaels Assocs.,* No. 07–10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 7, 2007) ("Consequently, Plaintiff's MCPA claims fail for the same reasons that his identical FDCPA claims fail.").

Plaintiff's claim of negligent and/or intentional infliction of emotional distress also arise under Michigan law. If the Court dismisses Plaintiff's federal claims under the FDCPA, the Court should also decline to exercise supplemental jurisdiction over the state claims. Federal courts have jurisdiction over any state-law claim that forms "part of the same case or controversy" as the claims within the court's original jurisdiction. 28 U.S.C. § 1367(a) (2018). However, where "the district court has dismissed all claims over which it has original jurisdiction," the court "may" decline to exercise supplemental jurisdiction. *Id.* § 1367(c). "Generally, where a plaintiff's "federal claims are dismissed before trial, ... the state claims should be dismissed as well." *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)

11

(internal quotation marks omitted) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). This case is in its early stages and the parties have not yet "expended significant time and resources litigating their dispute in federal court." *Taylor*, 973 F.2d at 1289. Dismissal of the state claims is appropriate where "Defendants have yet to be served, and no party could have spent significant time or resources on discovery." *Meddaugh v. Gateway Fin. Servs.*, No. 1:22-CV-11312, --- F.Supp.3d ---, 2022 WL 2898631, at *4 (E.D. Mich. July 21, 2022) ("[I]f the Court dismisses Plaintiff's FDCPA claim, then it should dismiss his state law claims as well.").

### III. CONCLUSION

For these reasons, I **RECOMMEND** that the Court **DISMISS** the Complaint in its entirety *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2).

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 17, 2023　　　　　　　　　　S/ PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge